IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MORRIS COE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-2821-M-BN |
| | § | |
| SETERUS, INC., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Morris Coe filed a *pro se* small claims petition in the justice court of Dallas County, Texas. That petition includes an allegation that Defendant Seterus, Inc. violated the Fair Credit Reporting Act, 15 U.S.C. 1681 *et seq.* (the "FCRA"). *See, e.g.,* Dkt. No. 1-1 at 4. That allegation is the basis of Seterus's removal of this action to this Court.

Upon removal, this action was referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn.

Both Seterus and Coe have moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See* Dkt. Nos. 8 & 15. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should grant Seterus's Rule 12(c) motion without prejudice to Coe's ability to file an amended complaint and deny Coe's Rule 12(c) motion.

**Applicable Background**

Coe seeks $5,000.00 in damages for Seterus's alleged violation of the FCRA and for defamation. *See* Dkt. No. 1-1 at 4 (in which Coe asserts, in total, that he has "retained a copy of the defendant's signature and date of receipt, as well as time-stamped copies of [his] credit reports, showing that the defendant [has] violated the [FCRA] Section 623(a)(3) by not placing the disclosure within the required 30-day period" and that "Defendant must stop reporting anything negative on [Coe's] credit reports concerning [the applicable account]").

**Legal Standards**

Rule 12(c) provides that, "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c).

> Although there is no specific language in Rules 7 or 12 of the Federal Rules of Civil Procedure that states when the pleadings close, the following is accepted by numerous federal courts as to when the pleadings close:
>
>> Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and an answer (absent a court-ordered reply), unless a counterclaim, cross-claim, or third-party claim is interposed, in which event the filing of a reply to a counterclaim, cross-claim answer, or third-party answer normally will mark the close of the pleadings.

*Davis v. Nissan Motor Acceptance Corp.*, No. 3:09-cv-869-L, 2009 WL 3363800, at *2 (N.D. Tex. Oct. 16, 2009) (quoting 5C CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1367 at 213 (2004)).

"'A motion brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by

-2-

looking to the substance of the pleadings and any judicially noticed facts.'" *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam)). Such a motion is therefore "specifically designed to facilitate" an inquiry into "the interpretation and construction of the [law]" where "[t]he facts of the instant case are not in dispute." *Hebert Abstract*, 914 F.2d at 76 (citation omitted)).[1]

The standard for dismissal on the pleadings under Rule 12(c) is the same as that for dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 209 (5th Cir. 2009); *accord Gentilello v. Rage*, 627 F.3d 540, 543-44 (5th Cir. 2010). Under Rule 12(b)(6), the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007); *accord Fu v. Reno*, No. 3:99-cv-981-L, 2000 WL 1644490, at *5 ("The court reviews motions for judgment on the pleadings solely on the basis of the allegations in the pleadings and accepts all allegations as true." (citing *St. Paul Ins. Co. v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir. 1991))).

---

[1] *See also Garcia v. Kennington*, No. 4:11-cv-558, 2012 WL 6114948, at *7 (E.D. Tex. Sept. 26, 2012) ("Ordinarily, a defendant is the party that files a motion for judgment on the pleadings and the issue is whether plaintiff has pled enough facts to 'state a claim to relief that is plausible on its face.' *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Nonetheless, '[j]udgment on the pleadings is appropriate where [the] material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings.' *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988) (citations omitted)." (quotations modified)), *rec. adopted*, 2012 WL 6115054 (E.D. Tex. Dec. 10, 2012).

To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and

directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)). The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson*, 135 S. Ct. at 347; emphasis added by *Smith*), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. That rationale has even more force in this case, as the Court "must construe the pleadings of *pro se* litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

In contrast, "[j]udgment on the pleadings for a plaintiff is appropriate where there are no material facts in dispute and the plaintiff is entitled to judgment as a matter of law." *Ameriserv Trust v. United States*, 125 Fed. Cl. 733, 741 (2016) (quoting *New Zealand Lamb Co. v. United States*, 40 F.3d 377, 380 (Fed. Cir. 1994); internal quotation marks omitted). And, because "[a]ll allegations of fact by the party opposing the motion are accepted as true, and are construed in the light most favorable to that party," "when the movant is the plaintiff, [he] is not entitled to judgment on the pleadings when the defendant's answer raises issues of fact that, if proved, would defeat recovery." *Id.* (quoting *Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989); *United Prepaid Network, Inc. v. United States*, 112 Fed. Cl. 59, 61 (2013); internal

quotation marks omitted).

A court cannot look beyond the pleadings in deciding a motion in this context. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Fu*, 2000 WL 1644490, at *5. But pleadings in this context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). And documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *see also Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011).

In addition, in deciding the motions at issue, it is appropriate "to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord United States v. GSD&M Idea City LLC*, No. 3:11-cv-1154-O, 2014 WL 11320447, at *2 (N.D. Tex. June 10, 2014) ("In deciding a Rule 12(c) motion, the Court 'may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" (quoting *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011))); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take

judicial notice").

## Analysis

Seterus first claims that judgment on the pleadings is appropriate because Coe cannot allege a private cause of action under the provision of the FCRA that Coe cites in the complaint – Section 623(a)(3), codified at 15 U.S.C. § 1681s-2(a)(3). That specific provision provides:

> If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

*Id.*

More broadly, Section 1681s-2(a) concerns the "[d]uty of furnishers of information to provide accurate information," and it has been observed that

> "[t]he language in the FCRA plainly and unambiguously states that a consumer does not have any remedies available for a claimed violation of [this section]" since it provides that such a violation "'shall be enforced exclusively' by certain federal agencies, and federal and state officials."

*Shaunfield v. Experian Info. Solutions, Inc.*, 991 F. Supp. 2d 786, 805 n.20 (N.D. Tex. 2014) (quoting *Patterson v. Long Beach Mortg. Co.*, No. 3:07-cv-1602-O-BH, 2009 WL 4884151, at *4 (N.D. Tex. Dec. 15, 2009) (in turn citing 15 U.S.C. § 1681s-2(a), (d))).

While Coe may not be able to state a claim under this section, he may be able to allege a claim under Section 1681s-2(b), which requires that,

> [o]nce a furnisher is notified by a consumer reporting agency that the consumer has disputed the completeness or accuracy of information pursuant to § 1681i(a)(2), the furnisher must conduct its own investigation with respect to the disputed item, correct any inaccuracy,

> and notify the agency of the results of its investigation. To recover against a furnisher for violations of § 1681s-2(b), a plaintiff must show that: (1) he disputed the accuracy or completeness of information with a consumer reporting agency; (2) the agency notified the furnisher of the consumer's dispute; (3) and the furnisher failed to conduct an investigation, correct any inaccuracies, or notify the agency of the results of the investigation.

*Id.* at 805 (citations and footnote omitted); *see also id.* at 805 n.20 ("[M]any federal courts in the Fifth Circuit have held that in contrast to § 1681s-2(a), § 1681s-2(b) creates a private right of action. While expressly declining to rule on this issue, the [United States Court of Appeals for the] Fifth Circuit has noted that 'nothing in § 1681s-2 precludes a private right of action for violation of the investigation and reporting requirements of Section 1681s-2(b).'" (quoting *Young v. Equifax Credit Info. Servs.*, 294 F.3d 631, 639 (5th Cir. 2002); citation, some internal quotation marks, and original brackets omitted)).

But Coe's complaint fails to allege the facts required to state a claim under Section 1681s-2b. *See* Dkt. No. 1-1 at 4. Moreover, Coe has twice asserted that he has pleaded all the facts necessary to not only allege – but prevail on – a claim under the FCRA and a claim for defamation.

As to Coe's defamation claim, a plaintiff must allege "(1) the publication of a false statement of fact to a third party, (2) that was defamatory concerning the plaintiff, (3) with the requisite degree of fault, and (4) damages, in some cases." *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015) (citing *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998)). The status of the person allegedly defamed dictates the

requisite degree of fault. A private individual need only prove negligence, whereas a public figure or official must prove actual malice. *See id.*

Through Coe's response to Seterus's Rule 12(c) motion – his own Rule 12(c) motion – Coe states that he "has presented the facts of the case, and there may not be a need for trial which would save the taxpayers and judges money, time and effort." Dkt. No. 15 at 1. And, through his reply brief in support of that motion, he asserts that his "credit reports show that Seterus violated Section 623(a)(3) of the FCRA by not 'placing the disclosure within the required 30-day period'"; that he "has stated several times in writing and by certified mail that [Seterus] should include the words 'this account is being disputed' ... on his credit report by instructing the credit bureaus to do so"; and that he has raised his allegations with the Consumer Finance Protection Bureau (the "CFPB") and that the CFPB "has tried to reach or has already contacted Seterus regarding these matters" and Seterus "has failed to correct these aforementioned items." Dkt. No. 19 at 2-3.

Although, "it is well established that [Coe] may not amend [his complaint] through briefs submitted in response to [Seterus's] motion to dismiss," *Skidmore Energy, Inc. v. KPMG LLP*, No. 3:03-cv-2138-B, 2004 WL 3019097, at *5 (N.D. Tex. Dec. 28, 2004) (collecting authority), Coe, through his reply in support of his motion for judgment on the pleadings, has indicated that the defects in any Section 1681s-2b claim as currently pleaded may be curable. Furthermore, it is not clear to the undersigned that dissemination of Coe's credit report without the disclosure that Coe alleges to be applicable forecloses Coe's ability to allege a plausible state-law

defamation claim.

Therefore, Seterus's Rule 12(c) motion should be granted without prejudice to Coe's being allowed an opportunity to replead his claims in this action. *See Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (nothing that, "[a]lthough a court may dismiss [a] claim [under Rule 12(c)], it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so" (citations omitted)); *accord Meek v. Gold Coast Skydivers, Inc.*, No. 2:15cv4-DPJ-FKB, 2016 WL 81812, at *9 (S.D. Miss. Jan. 7, 2016).

But Coe's motion for judgment on the pleadings should be denied. Simply put, Seterus's answer prior to removal indicates that "there is a dispute as to material facts, which makes judgment on the pleadings [in favor of Coe] improper." *Virgin Group Holdings Ltd. v. Energy Parameters Commc'ns*, No. 10 CV 08752(BSJ)(THX), 2011 WL 4448943, at *1 (S.D.N.Y. Sept. 26, 2011); *accord Ameriserv Trust*, 125 Fed. Cl. at 741. *See* Dkt. No. 1-1 at 9 ("Pursuant to Rule 502.5(B) of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation contained in Plaintiff's Petition, and any amendments or supplements thereto, and demand strict proof thereof.").

**Recommendation**

The Court should grant Seterus's Rule 12(c) motion [Dkt. No. 8] without prejudice to Coe's ability to file an amended complaint and deny Coe's Rule 12(c) motion [Dkt. No. 15].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 27, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE